IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-14328-KMM

M.G., as legal guardian of
A.B., a minor,

    Plaintiff,

vs.

ST. LUCIE COUNTY SCHOOL
BOARD, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss (ECF No. 35). Plaintiff filed a Response (ECF No. 38) and Defendants filed a Reply (ECF No. 39). The Motion is therefore ripe for review. UPON CONSIDERATION of the Motion, the Response, the Reply, the Amended Complaint (ECF No. 34), the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND

Plaintiff has initiated this lawsuit against Defendant St. Lucie County School Board ("School Board") and seven other Defendants ("Individual Defendants"). Amended Complaint, at 1. The Individual Defendants hold various positions with the School Board, such as Superintendent, Principal, Vice Principal, teacher, and teacher aide. See Dismissal Order (ECF No. 33), at 2 n.2.

Plaintiff alleges that her minor child, A.B., was sexually assaulted by another student while in the custody of the School Board and the Individual Defendants. Amended Complaint,

at 1. Plaintiff alleges that the Defendants allowed A.B., who suffers from severe mental and physical disabilities, to be left alone on several occasions with the fellow student, who the Defendants knew had a history of overly aggressive sexual behavior toward fellow students. Id.

This Court granted (ECF No. 33) the Defendants' motions to dismiss (ECF Nos. 16, 20) Plaintiff's first Complaint ("Initial Complaint") (ECF No. 1). Subsequently, Plaintiff filed an Amended Complaint. The Initial Complaint alleged violations of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983; failure to train under 42 U.S.C. § 1983; a violation of 29 U.S.C. § 794; a violation of Title II of the Americans with Disabilities Act ("ADA"); a violation of the retaliation provisions of the ADA; intentional infliction of emotional distress; negligence; and negligent infliction of emotional distress. Dismissal Order, at 2. Although unclear, it appears that the Initial Complaint alleged most of the Counts against all Defendants, with the exception of several Counts brought only against the School Board and one Count brought only against the Individual Defendants collectively. See id. at 2 n.3.

The Amended Complaint largely contains the same allegations as the Initial Complaint but is organized differently. See Amended Complaint, at 14-46.[1] The Amended Complaint alleges five counts against the School Board alone. See id. at 14-23. These consist of the § 1983 claims, the ADA claims, and the 29 U.S.C. § 794 claim. See id. In addition, the Amended Complaint alleges violations of intentional infliction of emotional distress and negligence. See id. at 2. These allegations are pled in separate counts against the School Board and each of the Individual Defendants. See id. at 23-46. The Amended Complaint, like the Initial Complaint,

---

[1] The Amended Complaint omits the negligent infliction of emotional distress count. See Amended Complaint, at 14-46.

2

contains a factual background section that applies to all the Counts. See id. at 1-14; Initial Complaint, at 1-13.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. See SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (citations omitted).

A complaint must contain enough facts to indicate the presence of the required elements. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers . . . 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. ANALYSIS

"Saying the same thing twice gives it no more weight." Hammer v. Gross, 932 F.2d 842, 852 (9th Cir. 1991) (Kozinski, J., concurring). Plaintiff's Initial Complaint was dismissed by this Court. Plaintiff has now submitted an Amended Complaint that is essentially identical to the Initial Complaint. Plaintiff, therefore, should not be surprised to find that this Court has come to the same conclusions.

This Court will review each Count in the Amended Complaint in turn. Count I alleges a disability based violation of the Equal Protection Clause. Amended Complaint, at 14-15. Plaintiff alleges that the School Board "violated A.B.'s constitutional rights under the equal protection clause of the 14th amendment by unlawfully improperly and illegally subjecting her to sexual abuse, rape, and/or improper activity from a fellow student . . . ." Id. at ¶ 35. This paragraph is nearly identical to the allegation put forth in the analogous paragraph of the Initial Complaint. See Initial Complaint, at ¶ 33.

This Court previously identified that this Count "fails to plead such a persistent and widespread practice in order to sustain Plaintiff's § 1983 claim." Dismissal Order, at 7 (citations omitted). This problem has not been corrected. Plaintiff still has not specified a problematic municipal custom or policy on the part of the School Board. See id. (citing Ludaway v. City of Jacksonville, 245 Fed. App'x 949, 951 (11th Cir. 2007)).[2] This Court also indicated that these claims were "conclusory and lack factual support." Id. This deficiency has not been remedied. The Amended Complaint is similarly conclusory. See Amended Complaint, at 14-16. Plaintiff

---

[2] The Amended Complaint adds a discussion of case law, which the Initial Complaint lacked. See Amended Complaint, at ¶ 34; Initial Complaint, at 13-14. However, Plaintiff does not apply the case law to the facts at issue in this case.

4

does not identify exactly what disability equal protection standards were violated by the Defendants and how they were violated. See id., at 14-16.

Count II alleges that the School Board failed to train under 42 U.S.C. § 1983. Id. at 18-19. The School Board "provided inadequate training and or/education to . . ." school employees "to provide for the identification, location, and timely evaluation and/or supervision of students, including A.B., for their disabilities, thereby permitting each student to exercise their federally protected rights." Id. at ¶ 44. This section is identical to the analogous section in the Initial Complaint. See Initial Complaint, at 14-15.

This Court previously identified that this Count is "entirely conclusory and assert[s] mere legal conclusions without adequate factual support in order to sustain any of Plaintiff's claims." See Dismissal Order, at 8 (citing Iqbal, 556 U.S. at 678). Simply stating that the School Board failed to train or educate its staff is inadequate. See Amended Complaint, at ¶ 44. The Plaintiff must articulate how the School Board failed to train, what specific policies are insufficient, and what the correct policies should be. See Twombly, 550 U.S. at 555 ("[a] pleading that offers . . . a formulaic recitation of elements of a cause of action will not do") (citations omitted).

Counts III, IV, and V allege disability law claims against the School Board. See Amended Complaint, 19-23. Count III alleges A.B. suffered discrimination as a disabled student in a school receiving Federal assistance in violation of 29 U.S.C. § 794. Id. at 19. Count IV alleges denial of services in violation of the ADA and Count V alleges retaliation in violation of the ADA. See id. at 20-21. The Amended Complaint is nearly identical to the Initial Complaint as to these Counts. Compare Amended Complaint, at 19-23 with Initial Complaint, at 15-19.

This Court previously found that "Plaintiff has failed to state a claim with regards to Counts III-V . . . because the claims simply allege legal conclusions without proper factual

5

support." Dismissal Order, at 8. These claims continue to lack the requisite factual specificity to withstand dismissal. Plaintiff does not explain in any detail how exactly A.B. suffered discrimination, denial of services, or retaliation. See Amended Complaint, at 19-23. For instance, it is not enough to simply assert that A.B. was retaliated against for seeking to enforce rights under the ADA. See id. at 22. While Plaintiff has indicated that A.B. was suspended from school as retaliation, Plaintiff must explain and develop the sequence of facts that leads to this conclusion with specificity. See id. at 13, 22.

Counts VI-XIII of the Amended Complaint allege that the Defendants committed intentional infliction of emotional distress. Amended Complaint, 23-33. In the Initial Complaint, these allegations were pled as one Count against all Defendants. Initial Complaint, at 19-20. In the Amended Complaint, the Counts are separated. Amended Complaint, 23-33. Count XI alleges a violation against the School Board, and Counts VII-XIII allege violations against each individual Defendant. See id., 23-33.[3] The substance of each Count, however, is nearly identical from one Defendant to the next. See id. The only element that has been changed is the name of the Defendant. See id.

These Counts allege that the "actions and failure of the Defendant offended generally accepted standards of decency or morality in failing to protect A.B. . . . ." See ¶¶ 69; 78; 87; 96;

---

[3] The Dismissal Order indicated that Plaintiff could not plead the liability of the School Board and the Individual Defendants in one Count. Dismissal Order at 8-9 (citing Fla. Stat. § 768.28(9(a)). The Order also identified that Plaintiff had failed to clarify whether it was asserting claims against the Individual Defendants in their official or individual capacities. See id. at 5. Plaintiff has now separated the Counts as to the Individual Defendants and the School Board. See Amended Complaint, at 23-33. Plaintiff has also now indicated that the Defendants are liable in both their individual and official capacities. See, e.g., id. at ¶ 80. As sufficient cause exists to dismiss the Amended Complaint, this Court need not address further deficiencies in the pleadings as pertaining to this issue.

105; 114; 123; 132. This language is identical to the language used in the Initial Complaint. See Initial Complaint, at ¶ 64. This Court previously identified that these claims lacked a "factual basis." Dismissal Order, at 9. This Court now reiterates its previous objections. Plaintiff must explain what the accepted standards of decency or morality are in this context, and what specifically each Defendant did to violate those standards. Plaintiff has failed to do more than formulaically recite the elements of the cause of action. See Iqbal, 556 U.S. at 678.

Plaintiff also fails to address the actions of each Defendant individually. This Court reiterates its previous objection that "Plaintiff fails to distinguish the conduct attributed to any of the Individual Defendants . . . which is 'insufficient to permit the [D]efendants, or the [C]ourt, to ascertain exactly what [P]laintiff is claiming.'" Dismissal Order, at 4 (citing Gibbs v. United States, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012)). While Plaintiff has separated the Counts as to each Defendant, Plaintiff has not distinguished the factual conduct of each Defendant. See Amended Complaint, 23-33.

Counts XIV-XXI of the Amended Complaint allege negligence. See id. at 33-46. In the Initial Complaint this allegation consisted of one Count against the School Board. See Initial Complaint, at 20-22. In the Amended Complaint, these Counts are divided and alleged against the School Board and each individual Defendant. See Amended Complaint, at 33-46. Each Count alleges that the Defendant knew or should have known that its personnel, employees, or co-workers were unfit to perform supervisory duties over A.B. See id. The Counts are essentially identical to each other with only the names of the Defendants substituted. See id. The Counts are also nearly identical to the Count in the Initial Complaint. See Initial Complaint, at 20-22.

These Counts lack sufficient factual basis. It is not enough to simply assert that the Defendants should have known about unfit employees or co-workers. Plaintiff must articulate what exactly they should have known and why they should have known it. For instance, it is not adequate to simply allege that the Superintendent "breached the above duties by failing to: properly investigate qualifications, competency, and training of its teachers, principal and vice principal and/or other personnel . . . ." See Amended Complaint, ¶ 152. Plaintiff must identify some accepted standard for Superintendent tasks involving disabled children and sexual abuse and how, specifically, the Superintendent failed to meet that standard. As it stands, Plaintiff's negligence allegations lack "factual support" and fail to distinguish between the Individual Defendants. See Dismissal Order, at 4, 8.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Iqbal, 556 U.S. at 678 (2009) (citations omitted). Plaintiff has failed to include the necessary factual matter to state a plausible claim for relief. Plaintiff failed to do so with the Initial Complaint, and has again failed to do so with the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (ECF No. 35) is GRANTED. Plaintiff's Amended Complaint (ECF No. 34) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of April, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record